IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL INDICTMENT |
| v. | : | |
| | : | NO. 1:09-CR-0490-03-AJB-TWT |
| THE PUBLIC WAREHOUSING | : | |
| COMPANY, K.S.C., | : | |
| a/k/a Agility; | : | |
| AGILITY DGS LOGISTICS | : | |
| SERVICES COMPANY, K.S.C.(c), | : | |
| d/b/a and f/k/a PWC Logistics | : | |
| Services K.S.C.(c); | : | |

Defendants.


### ~~ORDER~~

Pending before the Court is the motion of Defendant Agility DGS Logistics

Services Company KSC(c)'s Motion to Quash Grand Jury Subpoena Issued to Dan

Mongeon.

The Court has considered the pleadings filed by the parties, the arguments by

counsel at the hearing on July 25, 2011, and the *ex parte* statements by Government

counsel at that same hearing.  For the reasons summarized below, and as stated in

open court following the hearing, the Court denies the motion.

"While the grand jury cannot be used 'solely or even primarily' to gather

evidence against an indicted defendant, it can be used to investigate whether a

defendant committed crimes not covered in the indictment." *United States v. US*

*Infrastructure*, 576 F.3d 1195, 1214 (11ᵗʰ Cir. 2009).  "A defendant claiming grand jury abuse 'has the burden of showing that the Government's use of the grand jury was improperly motivated.'" *US Infrastructure*, 576 F.3d at 1214 (*quoting United States v. Leung*, 40 F.3d 577, 581 (2d Cir. 1994)).  This is because "'the law presumes, absent a strong showing to the contrary, that a grand jury acts within the legitimate scope of its authority.'" *Id.* (*quoting United States v. R. Enterprises, Inc.*, 498 U.S. 292, 300 (1991)).

Here, the United States represented at the hearing – and explained in detail in the *ex parte* session – that the principal purpose of questioning this witness is to investigate potential new charges.  This is a proper use of the grand jury.  The Defendant has not carried its burden to show that the sole or principal motivation was improper.

The Defendant has urged the Court to adopt a rule precluding the grand jury from continuing to investigate matters that could have been inquired upon prior to the initial indictment.  The Court rejects this proposed rule as inconsistent with the case law.  As *US Infrastructure* and other applicable cases provide, the grand jury is entitled to continue its investigation post-indictment, so long as the principal purpose is to investigate new charges.  That the grand jury could have inquired as to these matters prior to the indictment is not the touchstone.

Thus, and for the reasons stated at the hearing, the Court hereby DENIES

Defendant's motion to quash.

SO ORDERED, this 26th day of July, 2011

/s/Thomas W. Thrash
Hon. Thomas W. Thrash, Jr.
United States District Court Judge

Presented by:

/s/ Justin S. Anand
_____
Justin S. Anand
AUS